UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO. CR 108 156 |
| v. | ) VIO: 18 U.S.C. § 371 |
| | ) Conspiracy |
| TONYA DENYSE WILLIAMS, and | ) |
| TERREK K. PARKER, | ) 18 U.S.C. § 924(a)(1)(A) |
| | ) Making False Statements in the |
| Defendants. | ) Acquisition of Firearms |

## COUNT ONE
(Conspiracy)

**THE GRAND JURY CHARGES THAT:**

Beginning on or about January 25, 2007, and prior thereto, the exact beginning date being unknown to the Grand Jury, and continuing thereafter until on or about February 22, 2008, in Richmond County, within the Southern District of Georgia, the defendants herein:

**TONYA DENYSE WILLIAMS, and
TERREK K. PARKER,**

did knowingly and willfully combine, conspire, confederate and agree with each other and other persons both known and unknown to the Grand Jury, to commit the following offense against the laws of the United States, that is, Making False Statements in the Acquisition of Firearms, in violation of Title 18, United States Code, Section 924 (a)(1)(A).

### OBJECTS OF THE CONSPIRACY

The purposes or objects of the conspiracy were to acquire relatively cheap firearms in Georgia and then to unlawfully transport the firearms to New Jersey.

## MANNER AND MEANS

The means by which this conspiracy was carried out included the following:

a.  Because firearms were more difficult to obtain and more expensive to purchase in the State of New Jersey than in Georgia, the conspirators agreed that Defendant WILLIAMS, alone and with the assistance of others, would purchase firearms at pawn shops in Georgia and provide the firearms to Defendant PARKER who would transport them to New Jersey.

b.  At various times, the Defendants agreed with each other, and other unknown persons, that Defendant WILLIAMS would use her Georgia identification card to facilitate the purchase of the firearms.

c.  At various times, the Defendants agreed with each other, that Defendant WILLIAMS would act as a "straw purchaser," and falsely represent on firearms transaction forms (Form 4473), in connection with a firearms purchase, her address, and that she was the actual purchaser of the firearms, when, in fact, she lived at a different address, and she knew the firearms were to be transported to New Jersey by Defendant PARKER.

d.  Following the firearms purchase, Defendant PARKER, a resident of New Jersey, would unlawfully transport the firearms to New Jersey for his own use, or for further distribution or resale.

e.  Following the firearms purchase, Defendant WILLIAMS would report the firearms stolen, or when asked would say the firearms had been stolen, so as to avoid detection of the unlawful scheme by law enforcement.

OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects thereof, the defendants herein performed in the Southern District of Georgia, and elsewhere, the following overt acts, set forth in Counts Two through Six of this Indictment, among others. All done in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FIVE
(Making False Statements in the Acquisition of Firearms)

**THE GRAND JURY FURTHER CHARGES THAT:**

Count 1, above, is fully incorporated by reference as if fully set forth herein.

That on or about each of the following dates, in Richmond County, within the Southern District of Georgia, the defendants,

**TONYA DENYSE WILLIAMS, and
TERREK K. PARKER,**

aided and abetted by each other and other persons, knowingly made false statements and representations with respect to the information required to be kept in the records of the following stated persons, (the businesses below), which were licensed under the federal firearms statutes, set forth under Chapter 44, Title 18, United States Code, in that Defendant WILLIAMS falsely represented in a firearms transaction record, (Form 4473), her residence address, and falsely represented that said defendant was the actual buyer of said firearms; whereas, in truth and in fact, and as the defendants well knew at the time, Defendant WILLIAMS was not the actual buyer of said firearms; done in violation of Title 18, United States Code, Section 924(a)(1)(A).

Each of the foregoing allegations is hereby incorporated into each of the following counts as if fully set forth therein.

| Count | Date | Store | Firearms Purchased |
|---|---|---|---|
| 2 | Jan. 25, 2007 | Sportsman's Link, on Bobby Jones Expressway, Augusta, Georgia | • Glock, model 38, .45 caliber pistol, serial no. HCF510;<br>• Ruger, model KP345, .45 caliber pistol, serial no. 66438142 |
| 3 | March 2, 2007 | Sportsman's Link, on Bobby Jones Expressway, Augusta, Georgia | • Springfield Armory, model XD357, .357 caliber pistol, serial no. US336276 |
| 4 | March 2, 2007 | United Loan and Firearms, on Broad Street, Augusta, Georgia | • Smith and Wesson, model 500, .500 caliber revolver, serial no. CHW5435 |
| 5 | Dec. 6, 2007 | Sportsman's Link, on Bobby Jones Expressway, Augusta, Georgia | • Glock, model 23, .40 caliber pistol, serial no. LMW249;<br>• Sig Arms, model P226, .40 caliber pistol, serial no. U604098 |

All done in violation of Title 18, United States Code, Sections 924(a)(1)(A), and Section 2.

## COUNT SIX
(Making False Statements in the Acquisition of Firearms)

**THE GRAND JURY FURTHER CHARGES THAT:**

Count 1, above, is fully incorporated by reference as if fully set forth herein.

That on or about February 16, 2008, in Richmond County, within the Southern District of Georgia, the defendants,

**TONYA DENYSE WILLIAMS, and
TERREK K. PARKER,**

aided and abetted by each other and other persons, knowingly made false statements and representations with respect to the information required to be kept in the records of the Sportsman's Link, on Bobby Jones Expressway, Augusta, Georgia, which was licensed under the federal firearms statutes, set forth under Chapter 44, Title 18, United States Code, in that Defendant WILLIAMS falsely represented in a firearms transaction record, (Form 4473), that she was the actual buyer of the firearms, that is one Glock, model 17, 9 millimeter pistol, serial number USA0301, and one Glock, model 22, .40 caliber pistol, serial number GPP222, whereas, in truth and in fact, and as the defendants well knew at the time, Defendant WILLIAMS was not the actual purchaser of said firearms; done in violation of Title 18, United States Code, Section 924(a)(1)(A).

A TRUE BILL.

_____
Foreperson

_____
Edmund A. Booth, Jr.
United States Attorney

_____
James D. Durham
Assistant United States Attorney
Chief, Criminal Division

_____
Nancy C. Greenwood   (Lead counsel)
Assistant United States Attorney

_____
Carlton R. Bourne, Jr.
Assistant United States Attorney
Deputy Chief, Criminal Division

5